USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GORDON VASQUEZ,

                     Petitioner,

          -against-

ROBERT ERCOLE, Superintendent,
Green Haven Correctional Facility,

                     Respondent.

------------------------------------------------------------x

06 Civ. 4366 (RJH)(RLE)

**MEMORANDUM OPINION
AND ORDER**

## BACKGROUND

On December 14, 1979, petitioner Gordon Vasquez ("Vasquez") was arrested and charged with robbery in the first degree and with criminal possession of a weapon in the second degree. On January 28, 1980, in the County Court of Nassau County, New York, Vasquez pled guilty to the charge of attempted robbery in the second degree (the "1980 conviction"). On February 26, 1980, Vasquez was sentenced to a term of imprisonment of up to four years.

On March 15, 1999, Vasquez was arrested and charged with the attempted robbery of Lissette Rosario, a restaurant manager. Vasquez allegedly attempted to rob Rosario on August 5, 1998 as she was trying to deposit $6,000 at a Manhattan bank. Rosario subsequently identified Vasquez in a lineup. On August 1, 2000, a jury in the New York State Supreme Court convicted Vasquez of one count of attempted robbery in

the second degree (the "2000 conviction").[1] Because of the 1980 conviction and another conviction for attempted murder in 1984, Vasquez was considered a "persistent violent felony offender" under N.Y. Penal Law § 70.08, which mandates extended sentences for persons who have two prior convictions for violent felonies. Applying this statute, the court sentenced Vasquez to a term of eighteen years to life. Vasquez is currently serving his sentence for the 2000 conviction at the Green Haven Correctional Facility in Stormville, New York.

On April 26, 2005, Vasquez filed a motion to vacate the 1980 conviction in the Nassau County court pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10. In his § 440.10 motion, Vasquez claimed that his guilty plea leading to the 1980 conviction was invalid because Vasquez did not sign a written waiver of indictment in open court in the presence of his attorney as required by C.P.L. § 195.20.[2] (Luke Martland Decl., Nov. 21, 2006 ("Martland Decl.") Ex. O, Ex. R at 2.) Vasquez argued that the 1980 conviction was therefore unconstitutional, "jurisdictionally defective," and "invalid otherwise as a matter of law." (*Id.* Ex. O at 1)

The court denied Vasquez's § 440.10 motion. (*Id.* Ex. R.) In dismissing his motion, the court held that Vasquez's "allegation that he never executed a written waiver of indictment is decisively refuted by unquestionable documentary proof to the contrary." (*Id.* Ex. R at 2.) Specifically, the court noted that the record of the 1980 proceedings

---

[1] In his habeas petition, Vasquez incorrectly stated that he was convicted of "Attempted Robbery in the Second Degree and *Assault in the Second Degree*." (Vasquez Pet. at 1 (emphasis added).) In fact, Vasquez was not convicted of assault. When the charges were submitted to the jury, the jurors were instructed to consider the assault charge only if they acquitted Vasquez of the attempted robbery charge. (Resp't Mem. in Opp'n to Pet., Nov. 20, 2006 ("Resp't Opp'n Br.") 5.) The jury convicted Vasquez of attempted robbery and therefore did not consider the assault charge. (*Id.*)

[2] C.P.L. § 195.20 requires that a waiver of indictment shall be "evidenced by a written instrument" and that "[t]he written waiver shall be signed by the defendant in open court in the presence of his attorney."

included a written "Waiver of Indictment," on which Vasquez's signature appeared next to the words, "signed in open court and in the presence of my attorney," and minutes of the plea proceedings indicating that Vasquez signed the Waiver of Indictment in open court in the presence of his attorney and before the judge. (*Id.*)

After his § 440.10 motion was denied, Vasquez moved for reargument. (*See. id.* Ex. S, Ex. T.) This motion was denied. (*See. id.* Ex. T.) Vasquez then applied for a certificate granting leave to appeal to the Appellate Division of the New York Supreme Court. (*See id.* Ex. U at 1.) On August 7, 2006, the Appellate Division denied his application. (*Id.*)

On June 9, 2006 (before the denial of his application for leave to appeal his § 440.10 motion) Vasquez filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] In his petition, Vasquez raises four arguments with respect to his 2000 conviction: (1) that he was deprived of a speedy trial; (2) that his enhanced sentence was based upon factual findings made by the court in violation of his right to a jury trial under *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (3) that the evidence presented at trial was legally insufficient to establish physical injury; and (4) that he was deprived of effective assistance of counsel. (Vasquez Pet. at 4.)

Vasquez further states in his petition, "I presently have a leave application pending in the Second Department of the Appellate Division as a result of the denial of my C.P.L. § 440.10 motion filed in Nassau County Court challenging a conviction that was used to adjudicate me as a violent persistent offender." (*Id.*) Vasquez indicates that he "wish[es] to incorperate [sic] this [motion] in the petition." (*Id.*) The Court interprets

---

[3] 28 U.S.C. § 2254(a) states, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

these statements as an attempt to raise an additional challenge to his 2000 conviction on the basis that it was enhanced by the 1980 conviction, which he alleges was invalid for the reasons asserted in his failed § 440.10 motion—because he never signed a waiver of indictment in open court and in the presence of an attorney.[4] (Martland Decl. Ex. O.)

On June 1, 2007, Vasquez filed the instant motion to stay his habeas corpus proceedings "pending the New York state courts' resulting [sic] of petitioner's CPL § 440.10 motion." (Vasquez Notice of Mot. 1.) Vasquez claims that a stay is warranted "pending New York's resolution of my 1980 conviction." (Vasquez Decl., June 1, 2007 ("Vasquez Decl.") ¶ 1.)

In his motion, Vasquez states that he "filed his § 440 motion prior to filing this habeas action." (*Id.* at ¶ 11). The only § 440.10 motion filed by Vasquez of which the Court is aware is the motion filed on April 27, 2005, seeking to vacate the 1980 conviction. The Court therefore interprets Vasquez's motion as requesting a stay of the habeas proceedings to allow him to exhaust his state remedies with respect to the challenge to the 1980 conviction raised in his § 440.10 motion and on the basis of which he seeks to challenge his 2000 conviction in his habeas petition.[5]

---

[4] The Supreme Court has held that § 2254's requirement that a petitioner be "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States" is satisfied by a habeas petitioner's challenge to a conviction pursuant to which he is *currently* incarcerated on the grounds that the sentence imposed was enhanced by an invalid prior expired conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401–02 (2001). However, as explained *infra*, the petitioner may not ordinarily attack the validity of that prior conviction as part of the habeas petition.

[5] In his motion to stay, Vasquez confusingly characterizes the motion as seeking a stay "pending New York's resolution of his C.P.L. § 440.10 motion raising ineffective assistance of counsel for failing to investigate petitioner's prior conviction before sentencing." (Vasquez Decl. ¶ 3, June 1, 2007.) In connection with his attack on his 2000 conviction, Vasquez does raise an ineffective assistance of counsel claim based on his attorney's alleged "failure to raise a winning issue regarding the prosecution['s] failure to preserve their claim for appellate review " (Vasquez Pet. Ex. D.) However, while Vazquez claims to have "fail[ed] to exhaust [his] ineffective assistance of trial counsel claim" (*Id.* ¶ 2), the respondent concedes that Vasquez has successfully exhausted this claim. (Resp't Opp'n Br. 11.) Therefore, a stay of

Ordinarily, a state prisoner is required to exhaust all of his available state remedies with respect to a claim before raising that claim in a petition for habeas corpus. *see Woodford v. Ngo*, 548 U.S. 81, 89 (2006) ("The habeas statute generally requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." (citing 28 U.S.C. §§ 2254(b)(1), (c))); *see also Baldwin v. Reese*, 541 U.S. 27, 27 (2004) ("Before seeking federal habeas relief, a state prisoner must exhaust available state remedies . . . . The prisoner must 'fairly present' his claim in each appropriate state court . . . ." (internal citations omitted)). Under certain circumstances, a court may order a stay of habeas proceedings when a petition presents both exhausted and unexhausted claims in order to allow the petitioner time to exhaust state remedies with respect to the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 271–72 (2005).

No stay is warranted here, however, because, even if Vasquez has not exhausted his state remedies with respect to his challenge to his 1980 conviction, he is barred from now challenging this conviction by way of a petition filed pursuant to 28 U.S.C.§ 2254. In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the Supreme Court considered the question "whether § 2254 provides a remedy where a current sentence was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence has fully expired." 532 U.S. 400–01. The Court held that a petitioner who "asserts a challenge to [a current sentence], as enhanced by [an] allegedly invalid [] prior conviction" meets the "in custody" requirement of § 2254. *Id.* at 401–02. (internal citations omitted). The Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those

---

these proceedings cannot be justified by the necessity for Vasquez to exhaust his ineffective assistance of counsel claim.

remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403–04 (internal citations omitted).

As Vasquez has already been denied leave to appeal the denial of his § 440.10 motion, it is unclear what Vasquez believes still remains for the state court to resolve with respect to this motion. In any case, even assuming the claim raised in that motion is unexhausted, a stay for the purpose of permitting Vasquez to exhaust this claim pertaining to his 1980 conviction would be futile, because, once exhausted, it would be "no longer open to direct or collateral attack" and therefore "conclusively valid" and barred from review in a § 2254 petition under *Lackawanna*.[6] *Id.* at 403–04.

For the foregoing reasons, Vasquez's motion **[8]** is DENIED.

SO ORDERED.

Dated: New York, New York
March 28, 2008

Richard J. Holwell
United States District Judge

---

[6] The *Lackawanna* Court noted that this general rule was subject to an exception for challenges to prior convictions based on failure to appoint counsel in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963), and that an exception might be available when a state court had, "without justification, refuse[d] to rule on a constitutional claim that [was] properly presented to it" or if a petitioner had obtained evidence of actual innocence which he could not have uncovered in a more timely manner. *Lackawanna*, 532 U.S. at 405. Vasquez's challenge to the 1980 conviction implicates none of these exceptions.