UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



GORDON VASQUEZ,

                  Petitioner,

-against-

ROBERT ERCOLE, Superintendent,
Green Haven Correctional Facility,

                  Respondent.

06 Civ. 4366 (RJH) (RLE)

**MEMORANDUM OPINION
AND ORDER**

     Pro se petitioner Gordon Vasquez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Vasquez was charged with attempting to rob a restaurant manager who was on her way to deposit thousands of dollars of restaurant proceeds in the bank. In June 2000, a New York jury convicted him of one count of attempted robbery in the second degree. Because Vasquez was considered a "persistent violent felony offender" due to his prior convictions, the court sentenced him to an indeterminate term of eighteen years to life.

     On September 4, 2008, Magistrate Judge Ronald L. Ellis issued a Report and Recommendation ("Report") recommending that the Court dismiss Vasquez's petition. Vasquez subsequently filed timely objections to two aspects of the Report. For the reasons that follow, this Court adopts the Report and denies the petition. In addition, the Court denies Vasquez's motion to amend the petition on the ground that amendment would be futile.

### BACKGROUND

     The background and relevant procedural history are set forth in Judge Ellis's Report, familiarity with which is assumed.

On August 5, 1998, Lissette Rosario, a Manhattan restaurant manager, accompanied her co-worker, Theodore Banyan, to deposit approximately $6,000 into the restaurant's bank account. En route, a young man tried to take the bag containing the money from Rosario. Rosario resisted, the assailant pushed her to the sidewalk, and she struck her head on the pavement. The assailant fought briefly with Banyan and escaped down the street. (Trial Tr. 36-43, 92-100.) The assailant left behind a beeper that was traced to Vasquez, who was arrested several months later and indicted for attempted robbery in the second degree and assault in the second degree. On June 29, 2000, a jury convicted Vasquez of attempted robbery in the second degree. (*Id.* 478-81.) On August 1, 2000, the trial court sentenced him to an indeterminate term of eighteen years to life. (Sentencing Tr. 13-14.)

On June 9, 2006, Vasquez filed a timely petition for a writ of habeas corpus. On September 4, 2008, Judge Ellis issued a Report concluding that: (1) petitioner's speedy trial claim does not implicate the U.S. Constitution or any other provision of federal law; (2) petitioner's designation as a persistent violent felony offender was based on a prior conviction, and thus did not violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (3) the trial evidence was legally sufficient to establish "physical injury," an element of attempted robbery in the second degree under New York law; (4) petitioner has not overcome the presumption of correctness that attaches to the state court's determination that his conviction was not based on perjured testimony; (5) the trial court did not abuse its discretion when it granted the State's request for a missing witness charge; and (6) petitioner's claim that his appellate counsel was ineffective was meritless because his counsel raised on appeal the very claim petitioner argued was not raised. Thereafter, Vasquez filed timely objections to Judge Ellis's third and fourth conclusions.

## DISCUSSION

### I. Standard of Review

#### A. The Antiterrorism and Effective Death Penalty Act ("AEDPA")

When a claim has been adjudicated on the merits in state court proceedings, a federal court may not grant habeas relief unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (2006). The court must presume that factual findings made by a state court are correct unless petitioner rebuts this presumption by "clear and convincing evidence." § 2254(e)(1); *see Miller-El v. Dretke*, 545 U.S. 231, 240 (2005).

#### B. Review of Magistrate Judge's Report

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where timely objections are made, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *accord United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Arthur v. Goord*, No. 06 Civ. 326 (DLC), 2008 WL 482866, at *3 (S.D.N.Y. Feb. 21, 2008) (internal citations omitted).

### II. Petitioner's Objections

The Court finds no error on the face of the record for the portions of the Report to which no objections have been made. Therefore, the Court considers only those portions of the Report

3

to which objections have been filed by petitioner.

## A. Insufficiency of the Evidence Claim

Vasquez contends that "[t]he people presented no proof from which a reasonable trier of fact could have found the requisite substantial pain or impairment of physical condition." (Pet'r's Objections to Report and Recommendation ¶ 7.)

A habeas court is required to consider the trial evidence in the light most favorable to the prosecution and uphold the conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Further, a habeas court must defer to the assessments of the evidence and credibility of the witnesses that were made by the jury and may not substitute its view of the evidence for that of the jury. *Id.*; *see also Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996). A petitioner challenging the sufficiency of the evidence therefore bears a "very heavy burden." *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002).

When considering the sufficiency of evidence of a state conviction, "a federal court must look to state law to determine the elements of the crime." *Id.* (quoting *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999), *cert. denied*, 528 U.S. 1170 (2002)). Under New York law, to establish attempted robbery in the second degree, the State had to prove that Vasquez (1) attempted to "forcibly steal property" and (2) caused "physical injury to any person who was not a participant in the crime," (3) "in the course of the commission of the crime." N.Y. Penal Law § 160.10 (McKinney 2009). Physical injury is defined as any "impairment of physical condition or substantial pain." § 10.00(9).

Here, a rational trier of fact could have found that each of these elements had been proven beyond a reasonable doubt. Mr. Banyan, Rosario's co-worker who accompanied her to

the bank, testified that Rosario "had the [plastic bag with the money] in her hand and [Vasquez] was trying to get it." (Trial Tr. 40.) Ms. Rosario similarly testified that Vasquez "tried to fight to take away [her] bag and he pushed [her] on to the sidewalk," which caused her to "[fall] . . . and hit [her] head" on the ground. (*Id.* 95.) While she was on the ground, Vasquez pushed a blue police barricade which "fell on top of [Rosario]" and he proceeded to kick her and "put his right foot on [her] right shoulder" in order to grab the bag from her clutches. (*Id.* 95, 127.) Banyan also testified that after Rosario threw the plastic bag to him, Vasquez "tried to get it from [Banyan]," and they "tusseled for it" and "[fought] . . . for the bag." (*Id.* 40-41.) A rational trier of fact could have found from this testimony that Vasquez injured Ms. Rosario in the process of using physical force to attempt to steal the bag of money from Rosario and Banyan.

Vasquez appears to argue that in order for Rosario to have sustained "physical injury," she must have sustained a lasting disability. (*See* Pet'r's Obj. ¶¶ 17-18.) This argument rests on a misunderstanding of the law. To show "physical injury," the people must offer evidence from which the jury could conclude that Rosario suffered "impairment of physical condition or substantial pain." N.Y. Penal Law § 10.00(9). Courts have consistently found injuries similar to those sustained by Rosario as sufficient evidence of "physical injury." *See, e.g., People v. James*, 769 N.Y.S.2d 38, 38 (App. Div. 2003) ("The element of physical injury was established by evidence that defendant punched the victim twice in the face during the robbery, causing pain, swelling and headaches."); *People v. Luster*, 761 N.Y.S.2d 671, 671 (App. Div. 2003) (evidence sufficient where victim missed a week of work and had pain for about a month after defendant grabbed the victim by her hair, threw her to the ground, and punched her in the mouth); *People v. Valentine*, 622 N.Y.S.2d 683, 684 (App. Div. 1995) (evidence sufficient where victim testified to having suffered a swollen and sore neck, back and arm after being pushed by defendant); *People*

*v. Tejeda*, 78 N.Y.2d 936, 938 (1991) (rejecting the contention that "impairment of physical condition" requires a victim's incapacitation); *People v. Chiddick*, 8 N.Y.3d 445, 447 (2007) ("Pain need not, however, be severe or intense to be substantial."). Similarly, Rosario's testimony that she still suffered from pain in her shoulders that made it difficult to lift her child or perform household chores, continuing vision problems, and headaches that sometimes lasted for hours (Trial Tr. 111-13), would certainly have permitted a rational trier of fact to find that Vasquez inflicted physical injury on her.

Therefore, the Court rejects Vasquez's claim that the evidence at trial was insufficient to establish the "physical injury" element of attempted robbery in the second degree.

### B. Use of Perjured Testimony Claim

Vasquez contends that habeas corpus relief is warranted because "the people solicited from there [sic] chief witness perjured testimony" in order to "ascertain an indictment by way of the grand jury." (Pet'r's Obj. ¶ 32.) More specifically, Vasquez contends that "the prosecution failed to fulfill their obligation to correct the incorrect testimony of Rosario." (*Id.* ¶ 42.)

In his objection, Vasquez concedes that Rosario stated that she had been *told* that her shoulder was dislocated. (*Id.* ¶ 33.) However, he contends that "prosecution made no attempts to correct this testimony while having full knowledge of the fact that this was far from the truth" because the prosecution was "in possession of the hospital report that stated 'No acute fracture or dislocation.'" (*Id.*) In discussing this issue, the trial court found that "Rosario testified accurately in relating to the grand jury that she had been informed that her shoulder was dislocated." *People v. Vasquez*, No. 2138/99, slip op. at 6 (N.Y. Sup. Ct. Oct. 26, 2001).

With respect to factual determinations made by the state courts, this Court applies a "presumption of correctness," and petitioner bears the burden of rebutting that presumption by

"clear and convincing evidence." 28 U.S.C. § 2254(e)(1) (2006); *Leka v. Portuondo*, 257 F.3d 89, 98 (2d Cir. 2001). Vasquez has not overcome this presumption. The medical report prepared by a *physician*, which stated "No acute fracture or dislocation" in the right shoulder, is not a clear and convincing evidence that Rosario was never told by a *nurse* that her shoulder was dislocated. *See Vasquez, supra,* at 6.

In addition, even if Rosario's testimony to the grand jury was not accurate, perjury is established only if a witness "gives false testimony concerning a material matter with the willful intent to provide false testimony." *United States v. Monteleone*, 257 F.3d 219, 219 (2d Cir. 2001), *cert. denied*, 535 U.S. 1070 (2002). Incorrect testimony "resulting from confusion, mistake, or faulty memory," and "simple inaccuracies or inconsistencies in testimony do not rise to the level of perjury." *Id.* Here, Vasquez has pointed to no evidence showing that Rosario willfully intended to provide false testimony. So long as Vasquez cannot demonstrate that Rosario committed perjury, the prosecution cannot be penalized for allowing such testimony.

Therefore, the Court rejects Vasquez's claim that the prosecution used perjured testimony to obtain his indictment.

## III. Petitioner's Motion to Amend

Vasquez seeks to amend his petition "by extending the petition to include a ground already raised and exhausted in petitioner's attached § 440.20 motion." (Pet'r's Mem. Supp. Leave to Amend ¶ 4.) The Court interprets this statement as an attempt to raise an additional challenge to his present June 29, 2000 conviction on the basis that it was wrongly enhanced by his earlier conviction in 1980. More specifically, Vasquez argues that his January 28, 1980 conviction for attempted robbery in the second degree, which was used to enhance the sentence for his 2000 conviction, is jurisdictionally defective and invalid because "the waiver of

7

indictment for which the defendant was prosecuted on . . . failed to name the date, time, and place of offense as required by C.P.L. § 195.20." (Pet'r's Mem. Supp. § 440.20 Mot. 9.) Therefore, he argues, his sentence of eighteen years to life, which was calculated based on the trial court's conclusion that he was a "persistent violent felony offender," should be set aside. (*Id.* 11.)

The standard for granting or denying a motion to amend a habeas petition is governed by Rule 15(a) of the Federal Rule of Civil Procedure. *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001). The application of Rule 15(a) is supported by 28 U.S.C. § 2242, which provides that a petition for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions," and Rule 11 of the Rules Governing Section 2254 Cases, which provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Therefore, although Rule 15 requires that leave to amend be freely given when justice so requires, district courts have "discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman*, No. 06 Civ. 5246, 2009 WL 1531964, at *4 (2d Cir. June 03, 2009) (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).

Section 440.20 of the New York Criminal Procedure Law provides that "the court in which the judgment was entered may . . . set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law." However, this section operates only to set aside sentences and does not disturb the underlying convictions. N.Y. Crim. Proc. Law § 440.20(4) ("An order setting aside a sentence pursuant to this section does not affect the validity or status of the underlying conviction, and after entering such an order the court must

resentence the defendant in accordance with the law."). In addition, Vasquez conceded during the 2000 sentencing proceedings that he had no objections to his prior convictions that qualified him as a persistent violent felony offender, after being informed by the court that "[f]ailure to institute [] a challenge at this time shall be deemed a waiver on your part of any allegation of unconstitutionality [of the prior convictions]." (Sentencing Tr. 4-6.)

For this reason, the Court concludes that amendment to allow claims raised in the § 440.20 motion would be futile. Even if the motion were granted and Vasquez's sentence were modified, Vasquez's sentence for his 2000 conviction was properly enhanced based on the 1980 conviction. Therefore, because amending Vasquez's petition to include the additional challenge would be futile, petitioner's motion to amend is denied.

## CONCLUSION

For the reasons stated above, petitioner's motion to amend is denied, and the Court adopts Judge Ellis's Report and denies the petition for a writ of habeas corpus. In addition, the Court declines to issue a certificate of appealability because the petitioner has not made a substantial showing of a denial of a federal right and therefore appellate review is not warranted. *See Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d Cir. 1998). Vasquez, however, may pursue any further appellate remedies *in forma pauperis*. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
August **7**, 2009

Richard J. Holwell
United States District Judge

9